UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAWN RUFF,

    Petitioner,

v.	Case No. 8:21-cv-2856-WFJ-NHA

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Dawn Ruff is a Florida prisoner serving a life sentence for a 2004 first-degree-murder conviction. She initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Ms. Ruff raises a single ground for relief—that a 2019 deposition of her co-defendant revealed "a slew of new evidence" that allegedly "exculpat[es]" her. (*Id.* at 6). The Court directed Ms. Ruff and Respondent to submit supplemental briefs addressing whether this claim is cognizable on federal habeas review. (Doc. 12). The parties have filed their supplemental briefs. (Docs. 13, 14). After careful review, the Court concludes that the petition must be denied because it fails to state a claim cognizable on federal habeas review.[1]

---

[1] Because the petition fails on the merits, the Court need not address Respondent's argument that this action is untimely. *See Gonzalez v. Sec'y, Fla. Dep't of Corr.*, 629 F.3d 1219, 1221 (11th Cir. 2011) (declining to address timeliness issue because, even if habeas petition were timely, petitioner's "substantive claims [were] without merit").

A state prisoner may pursue habeas relief in federal court "only on the ground that [she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The function of federal habeas corpus is to redress constitutional errors, not to relitigate state criminal cases." *Mize v. Hall*, 532 F.3d 1184, 1195 (11th Cir. 2008). Thus, the Eleventh Circuit has repeatedly held that a state prisoner cannot obtain federal habeas relief "on a freestanding innocence claim in non-capital cases." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence, . . . at least in non-capital cases."). In federal court, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

The sole ground in Ms. Ruff's petition is a freestanding actual innocence claim that is not cognizable under § 2254. Ms. Ruff and her co-defendant were convicted of murdering Ms. Ruff's husband. (Doc. 6-2, Ex. 10, at 1-15). The co-defendant fatally stabbed the victim, and Ms. Ruff was held responsible for the killing under the principal theory of liability.[2] (*Id.*) In her federal habeas petition, Ms. Ruff argues that her 2004 conviction for first-degree murder violates "due process" because "[n]ew evidence not

---

[2] The principal theory "holds a defendant liable for acts performed by another if the proof sustains the jury's view that the defendant intended the criminal act be done, coupled with some act or work to incite, cause, encourage, assist[,] or advise the other to commit the crime." *Barfield v. State*, 762 So. 2d 564, 566-67 (Fla. 5th DCA 2000).

available during the trial" "exculpat[es]" her. (Doc. 1 at 6). According to Ms. Ruff, the new evidence came to light during a 2019 deposition of her co-defendant, who testified that Ms. Ruff did not "ask[] [him] to kill her husband or pay him to do it." (Doc. 13 at 10). This "new evidence" was allegedly unavailable at trial because Ms. Ruff was "tried first" and could not "communicat[e] with" her co-defendant. (Doc. 1 at 6).

Ms. Ruff's allegations cannot support relief under § 2254 because "freestanding claims of actual innocence based on newly discovered evidence are not cognizable in a federal habeas petition." *Wooten v. Sec'y, Fla. Dep't of Corr.*, No. 18-10690-J, 2019 WL 13217185, at *3 (11th Cir. Feb. 12, 2019); *see also Baker v. Att'y Gen.*, No. 18-12880-H, 2019 WL 3216850, at *2 (11th Cir. Feb. 13, 2019) ("[T]o the extent that [petitioner] is attempting to put forth a free-standing claim of actual innocence based on newly discovered evidence, his claim is foreclosed."). As the Eleventh Circuit has explained, "[i]t is not [a federal court's] role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial." *Raulerson v. Warden*, 928 F.3d 987, 1004 (11th Cir. 2019). Because the sole ground for relief is not cognizable on federal habeas review, Ms. Ruff's petition must be denied.[3]

Accordingly, it is **ORDERED** that:

1. Ms. Ruff's petition (Doc. 1) is **DENIED**.

---

[3] To the extent that Ms. Ruff attempts to raise new claims in her supplemental brief, those claims cannot be considered because they were not included in the petition. *See Perez v. Sec'y, Dep't of Corr.*, No. 8:18-cv-520-CEH-SPF, 2020 WL 7861427, at *24 (M.D. Fla. Dec. 31, 2020) (holding that petitioner "waived the new grounds" raised in his "supplemental memorandum" because they were not set forth in his petition); Rule 2(c), Rules Governing Section 2254 Cases ("The petition must: (1) specify all the grounds for relief available to the petitioner . . . ."); *cf. United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court.").

2. The **CLERK** is directed to enter judgment against Ms. Ruff and to **CLOSE** this case.

3. Because Ms. Ruff neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claim and the procedural issues that she seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE** and **ORDERED** in Tampa, Florida, on September 25, 2024.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**